UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABDULMASIH WARDA ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 2025CV10636 |
| ) | |
| EXECUTIVE OFFICE OF ) | |
| IMMIGRATION REVIEW ) | |
| A/K/A "EOIR" ) | |
| Defendant ) | |

# COMPLAINT FOR WRIT OF MANDAMUS

Now comes the Plaintiff, ABDULMASIH WARDA, by and through his attorney Alexander Michael and hereby brings her complaint for mandamus relief against Executive Office of Immigration Review ("EOIR"). In support of this Complaint, Plaintiff hereby states as follows:

## PARTIES

1. Plaintiff, ABDULMASIH WARDA, ("WARDA") is the Plaintiff in this case and a native citizen of Syria.

2. Defendant, EXECUTIVE OFFICE OF IMMIGRATION REVIEW ("EOIR") is a United States agency, charged with determining eligibility of immigration benefits, approving, denying, and otherwise adjudicating immigration related benefits when an individual is in removal proceedings.

## FACTUAL BACKGROUND

3. WARDA legally entered the United States in 2006 and obtained legal permanent residency in the United States through USCIS at that time.

4. WARDA obtained permanent residency through his US Citizen spouse at the time.

5. WARDA was issued an alien number (A Number) of A098-824-010.

6. In or around 2012 WARDA ended up getting divorced from his wife and was subsequently denied an extension to his legal permanent residency.

7. USCIS, the agency determining the extension, denied that extension (Form I-751 – Petition to Remove Conditions on Permanent Residency) on or about February 23, 2012.

8. WARDA was then immediately placed into deportation proceedings on or about the same time in February of 2012.

9. WARDA's deportation proceeding case in Immigration Court has had an extended and convoluted procedural history that now spans over thirteen years.

10. WARDA's immigration hearing in the last 3 years alone has been rescheduled by EOIR numerous times, some necessary, some not, and in some cases without warning or in one instance even without notice, despite the lengthy delay already in adjudicating his removal proceedings.

11. More recently, WARDA's hearing was scheduled to proceed on May 16, 2025.

12. That hearing was abruptly continued to September 9, 2025.

13. The upcoming September 9, 2025 hearing has again been abruptly rescheduled to July 15, 2026.

14. By that point it will have been about 14.5 years since WARDA has been placed into removal proceedings.

15. Given WARDA's now 13.5 year odyssey through the Immigration Court system, and 19 years dealing with Immigration filings, further delay of his hearing is needless.

16. WARDA has patiently waited for a resolution to his immigration status while his status, and his future hangs in the balance with uncertainty

17. USCIS can simply deny the application again simply to give the Immigration Court jurisdiction to review the application.

18. Further delay is unreasonable and unconscionable given the length of time WARDA has endured with an uncertain future.

19. It is time for WARDA to finally get his day in Immigration Court.

## JURISDICTION AND VENUE

20. This is a civil action brought pursuant to 28 U.S.C. §1361 which states "[t]he District Courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff."

21. The case is pending with the Chicago branch of the EOIR office. The Chicago EOIR Office is located in Chicago, IL and within the Northern District of Illinois.

22. WARDA resides in the Chicago area and within the Northern District of Illinois.

23. Jurisdiction is further conferred under the federal question provision of 28 U.S.C. §1331, which states that "the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

24. Jurisdiction is also conferred pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §555 (b) and 702.

25. According to the APA, EOIR is required to carry out its duties within a reasonable time. 5 U.S.C. §555 (b) provides in part that "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

26. EOIR is subject to 5 U.S.C. §555 (b). See *Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (where the court held that the district courts have jurisdiction under the APA, in conjunction with 28 U.S.C.§1331. Furthermore, 5 U.S.C. §706(1) grants the power for the reviewing court to "compel agency action unlawfully withheld or unreasonably delayed".

## COUNT I: WRIT OF MANDAMUS

27. Plaintiff hereby restates and repleads Paragraphs 1-26 as though they were fully set forth herein in this paragraph.

28. WARDA is entitled to have the Court review his pending applications for Immigration Relief.

29. WARDA, as of September 3, 2025, has been waiting for over 13 years for an adjudication of his immigration forms currently pending with EOIR.

30. The Plaintiff is entitled to adjudication of the matter.

31. 28 U.S.C. §1361 states "[t]he District Courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff."

32. According to the APA, USCIS is required to carry out its duties within a reasonable time. 5 U.S.C. §555 (b) provides in part that "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

33. That EOIR has not acted in a reasonably timely manner.

34. The Plaintiff has had to deal with the unknown future for 13+ years to this point, and possibly several more years if EOIR is not compelled to act on this application.

35. That the Defendant's delay has caused Plaintiff an unreasonable amount of stress, delay, expenses from this uncertain future.

36. That reasonable attempts at resolution have yielded no progress in getting a decision issued and only further unprompted delays.

37. A Plaintiff filing a mandamus complaint must demonstrate that: (1) he has a clear right to the relief sought; (2) the defendant has a clear duty to perform; (3) no other adequate remedy is available. *Blaney v. U.S.*, 34 F. 3d 507, 513 (7th Cir. 1994); *Iddir v. INS*, 301 F. 3d 492, 499 (7th Cir. 2002).

38. The Plaintiff meets all of the three requirements.

39. The Plaintiff is entitled to adjudication and obtain a fair and timely decision on his case.

40. The Defendant, EOIR, is the only agency who has the requisite authority to adjudicate the immigration applications pending before it.

41. Finally, other than a decision by EOIR, there is no other way possible to resolve their immigration status in the United States since is EOIR is the only agency with authority to act on behalf of the United States to adjudicate immigration applications for individuals in removal proceedings.

42. Defendant's delay is without justification. No explanation has been given for the nature of the delay.

WHEREFORE, the PLAINTIFF, by and through their attorney, prays for the following relief:

A. Compel the Defendant, EOIR, and those acting under them or within their scope of duties at USCIS to take all appropriate action to adjudicate all of Plaintiffs' applications pending before EOIR without further delay and preventing further

delays, and advance the Court date of July 15, 2026 to something substantially sooner;

B. Grant such other and further relief as this Court deems proper.

Respectfully Submitted


/s/ *Alexander Michael*

_____
Alexander Michael
Law Office of Alexander Michael
111 W Jackson St.
17th Floor
Chicago, IL 60604
Amichaellaw1@gmail.com
773-732-1896